[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12913
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

Agency No. A029-918-545

CESAR RULLIER,
MARIA RULLIER,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 15, 2010)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

*Pro se* Petitioner Cesar Rullier, a native and citizen of Peru, along with his

wife Maria Rullier as rider, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen, 8 C.F.R. § 1003.2(c); Immigration and Nationality Act ("INA") § 240(c)(7), 8 U.S.C. § 1229a(c)(7). The Immigration Judge ("IJ") denied Rullier's application for asylum and withholding of removal based on an adverse credibility determination, and the BIA affirmed this decision without opinion in a decision dated August 30, 2002. Rullier waited until 2009 to move the BIA to reopen the proceedings, arguing that he received ineffective assistance of counsel, and presenting new evidence to support his fear of persecution. However, the BIA denied this motion in a decision dated May 27, 2010, and Rullier timely appealed this decision. On appeal, Rullier argues that (1) the IJ erred in making the adverse credibility determination, (2) he presented new evidence sufficient to qualify for withholding of removal, and (3) he received ineffective assistance of counsel.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). Our review is limited to determining whether the BIA's exercise of its discretion was arbitrary or capricious. *Id.*

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by

2

affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); *see also* INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); *see also* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). This filing period "is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Abdi*, 430 F.3d at 1150. However, the 90-day time limitation does not apply to a motion to reopen asylum proceedings based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

As an initial matter, we conclude from the record that we lack jurisdiction to review the BIA's August 30, 2002, decision denying Rullier's application for asylum because the June 25, 2010, petition for review was not filed within 30 days of the entry of that order. Accordingly, Rullier's petition is dismissed to the extent he challenges any rulings in the IJ's decision, including its adverse credibility determination. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (explaining that the period for

filing a petition for review "is mandatory and jurisdictional, [and] not subject to equitable tolling" (internal quotation marks omitted)).

Rullier has failed to offer any argument on appeal regarding the BIA's denial of his motion to reopen as untimely. Moreover, he has failed to offer any argument regarding the BIA's conclusion that he failed to establish changed country conditions sufficient to excuse his untimely filing. While he does mention one piece of evidence, an affidavit from a former Peruvian military leader, he does so only in the context of proving his underlying fear of persecution, which has nothing to do with changed country conditions. Additionally, ineffective assistance of counsel will not excuse an untimely filing. *See Abdi*, 430 F.3d at 1150 n.2 (declining to address the petitioner's ineffective assistance of counsel claim because the motion to reopen was filed after the mandatory 90-day deadline). Accordingly, Rullier has abandoned review of the only issue on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that *pro se* litigants abandon issues not briefed on appeal). For the aforementioned reasons, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**